NOT DESIGNATED FOR PUBLICATION

Nos. 127,876
127,877
127,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON WAYNE CAUBLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Opinion filed August 22, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: Jason Wayne Cauble received a departure sentence to probation. He appeals the district court's decision to revoke his probation and order him to serve his underlying prison sentence. We granted Cauble's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. After reviewing the record, we find no abuse of discretion by the district court. Therefore, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In a global plea agreement, Cauble pled no contest to one count of aggravated criminal threat in case No. 2021-CR-85; no contest to one count of arson in case No. 2021-CR-116; and no contest to one count of conspiracy to traffic in contraband in a correctional facility in case No. 2021-CR-139. Cauble then filed a motion for dispositional departure in each case. The district court imposed a controlling sentence of 86 months in prison but granted a dispositional departure to 36 months of probation.

Nine months after sentencing, in September 2022, the State filed a motion to revoke probation. A bench warrant issued thereafter indicated Cauble failed to maintain employment; failed to show up to a medication appointment; admitted to consuming alcohol; failed to attend a support group; provided alcohol to another individual; and refused to enter inpatient treatment. The district court found Cauble violated the conditions of his probation and imposed a 60-day jail sanction. The district court's journal entry shows that Cauble's intensive supervision officer had previously imposed a three-day jail sanction.

In September 2023, the State filed another motion to revoke probation, alleging Cauble was charged with a new crime; refused to take medication; consumed alcohol and used marijuana; and failed to attend support groups and counseling appointments. The district court found that Cauble violated the conditions of his probation. During the revocation hearing, Cauble acknowledged he struggled with substance abuse, primarily alcohol. He asked the district court to issue a sanction and allow him to engage in mental health and substance abuse services. The district court denied that request, noting it had already issued sanctions and Cauble had failed to utilize the services and treatment available to him. The district court revoked Cauble's probation and ordered him to serve a modified prison sentence of 32 months. Cauble now appeals.

Once a probation violation is established, a district court has discretion to revoke probation and impose the underlying sentence unless otherwise provided by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). The district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). Cauble has the burden of showing the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Typically, upon finding a defendant in violation of his or her probation conditions, the district court must impose intermediate sanctions as set out in K.S.A. 22-3716(c)(1). But if the district court granted probation as the result of a departure, the court may revoke probation without imposing intermediate sanctions. K.S.A. 22-3716(c)(7)(B).

In his motion for summary disposition, Cauble argues there were resources available to address his addictions and the district court thus should have allowed him to remain on probation. But he acknowledges that, under K.S.A. 22-3716(c)(1)(C) and (c)(7), the district court had authority to revoke his probation due to prior imposition of sanctions and his probation being granted as the result of a departure sentence. Cauble does not direct us to any legal or factual errors in the district court's decision. And we cannot say the district court's decision was unreasonable. See *State v. Lacy*, No. 125,559, 2023 WL 3033038, at *1 (Kan. App. 2023) (unpublished opinion). Therefore, we find the district court did not abuse its discretion in revoking Cauble's probation.

Affirmed.

3